1  STAN S. MALLISON (Bar No. 184191)
     StanM@TheMMLawFirm.com
2  HECTOR R. MARTINEZ (Bar No. 206336)
     HectorM@TheMMLawFirm.com
3  STACI SCHOFF (SBN 320692)
     Staci@TheMMLawFirm.com
4  MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
5  Oakland, California 94612-3547
   Telephone: (510) 832-9999
6  Facsimile: (510) 832-1101

7  Attorneys for Plaintiffs and class of similar
   situated employees.

8

9                    **UNITED STATES DISTRICT COURT**

10      **EASTERN DISTRICT OF CALIFORNIA—DISTRICT OF SACRAMENTO**

11

12  ANGELA ALCAZAR, ROSA CAZAREZ,          | Case No.  19-551
    AMERICA DUARTE, MARIA TERESA           |
13  VALDOVINOS, and MARIA JUANA            |
    ZARAGOZA, on behalf of themselves and all  | **CLASS ACTION COMPLAINT FOR:**
14  others similarly situated,             |

15                      Plaintiffs,        | 1. **Violation of the Agricultural Workers**
                                           |    **Protection Act, 29 USC § 1801 et seq.;**
16          vs.                            | 2. **Failure to Pay Minimum Wages;**
                                           | 3. **Failure to Pay Overtime Wages;**
17  OEI HOLDINGS, LLC AKA "FARMINGTON      | 4. **Failure to Provide Timely and**
    FRESH SALES, LLC" AKA "ONIONS, INC";   |    **Complete Meal Periods or Pay**
18  FF SUB, LLC, AKA "FARMINGTON FRESH     |    **Additional Wages in Lieu Thereof;**
    CUTS, LLC"; DAVID N. RAJKOVICH; FRESH  | 5. **Failure to Provide Timely and**
19  INNOVATIONS CALIFORNIA, LLC, AKA       |    **Complete Rest Periods or Pay**
    "FRESH INNOVATIONS, LLC"; AC FRESH     |    **Additional Wages in Lieu Thereof;**
20  BUYER, LLC; ARABLE CAPITAL PARTNERS,   | 6. **Failure to Indemnify Employees for All**
    LLC; and Does 1 through 20, inclusive, |    **Necessary expenditures or Losses**
21                                         |    **Incurred;**
                      Defendants.          | 7. **Failure to Pay Wages of Terminated or**
22                                         |    **Resigned Employees;**
                                           | 8. **Knowing and Intentional Failure to**
23                                         |    **Comply with Itemized Employee Wage**
                                           |    **Statement Provisions;**
24                                         | 9. **Violation of Unfair Competition Law;**
                                           | 10. **PAGA - Labor Code § 2699 et seq.**
25

26                                               **DEMAND FOR JURY TRIAL**

27

28

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

1.      Plaintiffs Angela Alcazar, Rosa Cazarez, America Duarte, Maria Teresa Valdovinos, and Maria Juana Zaragoza ("Plaintiffs") bring this action against Defendants David N. Rajkovich, OEI Holdings, LLC AKA "Farmington Fresh Sales, LLC", AKA "Onions, INC"; FF Sub, LLC AKA "Farmington Fresh Cuts, LLC"; Fresh Innovations California, LLC AKA "Fresh Innovations, LLC"; Arable Capital Partners; AC Fresh Buyer, LLC,  and DOES 1-20 (collectively "Defendants"), individually and on behalf of all other similarly situated individuals employed under common circumstances and facts.  The allegations made in this Complaint are based on the knowledge of Plaintiffs, except those allegations made on information and belief, which are based on the investigation of their counsel.

## I.   NATURE OF THE ACTION

2.      This is a wage and hour class action to vindicate the rights afforded employees by California labor law.  This action is brought by Plaintiffs themselves and on behalf of a Class of similarly situated individuals against Defendants.  Plaintiff's California Private Attorney General Act, Labor Code §§ 2698 *et seq.* ("PAGA") claim is brought as an enforcement action on behalf of the state for penalties and other remedies on behalf of the State of California and current and former employees as expressly permitted by that statute.  All PAGA administrative requirements will have been met for this purpose prior to service of this complaint.

3.      This action revolves around the systematic failure by Defendants to pay California non-exempt employees, including Plaintiffs and the Class, in conformance with California law. Defendants Rajkovich, OEI Holdings, LLC AKA "Farmington Fresh Sales, LLC", AKA "Onions, INC"; FF Sub, LLC AKA "Farmington Fresh Cuts, LLC"; Fresh Innovations California, LLC AKA "Fresh Innovations, LLC"; Arable Capital Partners; AC Fresh Buyer, LLC,  and DOES 1-20, have employed Plaintiffs and the Class directly or as agents of one another, and or is liable under California Labor Code §558.1 and are referred to herein as "EMPLOYER DEFENDANTS."

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

1

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

Plaintiffs allege that Defendants and some Does are "persons" who violated or caused to be violated California Labor Code § 558, § 1197.1, 2699 (f) and IWC Wage Orders. As such, Defendants and some Does are liable for penalties and wages which Plaintiffs may seek through PAGA for themselves, current and former employees, and the State of California and are sued solely pursuant to PAGA. Some Defendant Does and Defendants David N. Rajkovich, OEI Holdings, LLC AKA "Farmington Fresh Sales, LLC", AKA "Onions, INC"; FF Sub, LLC AKA "Farmington Fresh Cuts, LLC"; Fresh Innovations California, LLC AKA "Fresh Innovations, LLC"; Arable Capital Partners; AC Fresh Buyer, LLC are collectively hereinafter referred to as the "PAGA DEFENDANTS" as they are liable under PAGA as either the employer, joint employer or a "person" caused the violations at issue.

4.     The core violations Plaintiffs allege against the EMPLOYER DEFENDANTS are: (1) failure to pay all minimum wages owed; (2) failure to pay all overtime wages owed; (3) failure to provide timely first meal periods and failure to provide second meal periods, and/or provide appropriate compensation in lieu thereof; and (4) failure to provide timely, complete, periods, and/or provide appropriate compensation in lieu thereof.

5.     EMPLOYER DEFENDANTS have refused to pay the wages due and owed to Plaintiffs and Class members under the express provisions of the California Labor Code, which in turn has resulted in additional Labor Code violations entitling Plaintiffs and the Class to prompt payment of wages and penalties. The PAGA DEFENDANTS caused the violations at issue and benefitted financially and/or professionally from these violations and taken their actions on behalf of the EMPLOYER DEFENDANTS.

6.     As a result of the violations alleged herein, all Defendants are subject to PAGA penalties, which Plaintiff seeks in this lawsuit for himself, EMPLOYER DEFENDANTS' current and former employees, and the State of California. Plaintiffs are aggrieved employees within the

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

meaning of Labor Code §§ 2698 *et seq.* and have complied with the pre-filing requirements of PAGA. The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been satisfied by written notice by certified mail to all Defendants and to the Labor and Workforce Development Agency, detailing the Labor Code and IWC Wage Order violations averred herein. The waiting time period has elapsed prior to service and filing of this complaint.

## II.   JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1854, covering claims arising under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 et seq.

8.     This action, and the causes of action hereunder, including state law claims, are subject to original jurisdiction in this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of the proposed class is a citizen of a state different than DEFENDANT.

9.     This Court has supplemental jurisdiction over the California state law a claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

10.     This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

11.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which the Defendants and plaintiffs reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

12.     In addition, this court has jurisdiction under the Diversity provisions of 28 U.S.C §1332 (a) because the matter in controversy, both class and PAGA, exceeds the sum or value of

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

3

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

$75,000 exclusive of interest and costs, and is between:

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state; and

(3) citizens of different States and in which citizens or subjects of a

foreign state are additional parties.

13.     As described below, pursuant to 28 U.S.C. §1332(c), AC Fresh Buyer, LLC is a citizen of Delaware as it is incorporated in Delaware and its headquarters and principal place of business, according to its Secretary of State Statement of Information filing, is 10655 NE 4th St, Suite 705, Bellevue, Washington 98004-5037.  Moreover, Arable Partners, LLC is a citizen of Washington as it is incorporated in Washington and its headquarters and principal place of business, according to its Securities and Exchange filings is 777 108th Ave, Bellevue, Washington.

## INTRADISTRICT ASSIGNMENT

14.     This case is properly assigned to the Sacramento Division of this Court because the action arose in San Joaquin County, California.  Local Rule 120(d).

## III.  PARTIES

### *Plaintiffs*

15.     Plaintiff ANGELA ALCAZAR is a resident of San Joaquin County, California.  At relevant times herein, she has been employed directly or jointly by EMPLOYER DEFENDANTS and Does, as an employee on land owned, leased, and/or operated by Defendants and Does in and around Stockton County, California, and has been employed by EMPLOYER DEFENDANTS as a non-exempt employee. Plaintiff Alcazar was hired by EMPLOYER DEFENDANTS to work within the counties covered by Intradistrict Venue in the Sacramento Division of the Eastern District pursuant to Local Rule 120(d).  During the relevant time period, Plaintiff Alcazar worked for EMPLOYER DEFENDANTS within the Intradistrict Venue of the Sacramento Division of the

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

4

Eastern District, performing produce handling, sorting, and packing at various times during the Class Period through approximately May 2018, at agreed-upon piece rates that varied over her period of employment. Plaintiff Alcazar has suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint.

16.     Plaintiff ROSA CAZAREZ is a resident of San Joaquin County, California.  At relevant times herein, she has been employed directly or jointly by EMPLOYER DEFENDANTS and Does, as an employee on land owned, leased, and/or operated by Defendants and Does in and around Stockton County, California, and has been employed by EMPLOYER DEFENDANTS as a non-exempt employee. Plaintiff Cazarez was hired by EMPLOYER DEFENDANTS to work within the counties covered by Intradistrict Venue in the Sacramento Division of the Eastern District pursuant to Local Rule 120(d).  During the relevant time period, Plaintiff Cazarez worked for EMPLOYER DEFENDANTS within the Intradistrict Venue of the Sacramento Division of the Eastern District, performing produce handling, sorting, and packing at various times during the Class Period through approximately May 2018, at agreed-upon piece rates that varied over her period of employment. Plaintiff Cazarez has suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint.

17.     Plaintiff AMERICA DUARTE is a resident of San Joaquin County, California.  At relevant times herein, she has been employed directly or jointly by EMPLOYER DEFENDANTS and Does, as an employee on land owned, leased, and/or operated by EMPLOYER DEFENDANTS and Does in and around Stockton County, California, and has been employed by EMPLOYER DEFENDANTS as a non-exempt employee. Plaintiff Duarte was hired by Defendants to work within the counties covered by Intradistrict Venue in the Sacramento Division of the Eastern District pursuant to Local Rule 120(d).  During the relevant time period, Plaintiff Duarte worked for Defendants within the Intradistrict Venue of the Sacramento Division of the

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

5

CLASS ACTION AND PAGA COMPLAINT                         Case No.

Eastern District, performing produce handling, sorting, and packing at various times during the Class Period through approximately May 2018, at agreed-upon piece rates that varied over her period of employment. Plaintiff Duarte has suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint.

18.     Plaintiff MARIA TERESA VALDOVINOS is a resident of San Joaquin County, California.  At relevant times herein, she has been employed directly or jointly by EMPLOYER DEFENDANTS and Does, as an employee on land owned, leased, and/or operated by Defendants and Does in and around Stockton County, California, and has been employed by EMPLOYER DEFENDANTS as a non-exempt employee. Plaintiff Valdovinos was hired by EMPLOYER DEFENDANTS to work within the counties covered by Intradistrict Venue in the Sacramento Division of the Eastern District pursuant to Local Rule 120(d).  During the relevant time period, Plaintiff Valdovinos worked for Defendants within the Intradistrict Venue of the Sacramento Division of the Eastern District, performing produce handling, sorting, and packing at various times during the Class Period through approximately May 2018, at agreed-upon piece rates that varied over her period of employment. Plaintiff Valdovinos has suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint.

19.     Plaintiff MARIA JUANA ZARAGOZA is a resident of San Joaquin County, California.  At relevant times herein, she has been employed directly or jointly by EMPLOYER DEFENDANTS and Does, as an employee on land owned, leased, and/or operated by Defendants and Does in and around Stockton County, California, and has been employed by EMPLOYER DEFENDANTS as a non-exempt employee. Plaintiff Zaragoza was hired by EMPLOYER DEFENDANTS to work within the counties covered by Intradistrict Venue in the Sacramento Division of the Eastern District pursuant to Local Rule 120(d).  During the relevant time period, Plaintiff Zaragoza worked for Defendants within the Intradistrict Venue of the Sacramento

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

6

CLASS ACTION AND PAGA COMPLAINT                                    *Case No.*

1   Division of the Eastern District, performing produce handling, sorting, and packing at various

2   times during the Class Period through approximately May 2018, at agreed-upon piece rates that

3   varied over her period of employment. Plaintiff Zaragoza has suffered injury in fact and loss of

4   property as a result of Defendants' conduct described in this Complaint.

5   20.     Plaintiffs and the employees whom Plaintiffs seek to represent were regularly

6   subjected to, or had personal knowledge of, the violations described in this Complaint.

7

8   ***Defendant***

9   21.     The following allegations as to DEFENDANTS are made on information and belief,

10  and are likely to have evidentiary support after a reasonable opportunity for further investigation or

11  discovery.

12  22.     At all times relevant, David N. Rajkovich (hereinafter "Mr. Rajkovich"), is an

13  individual who conducted and conducts business in San Joaquin County.  At all times relevant, Mr.

14  Rajkovich owned, controlled, or operated a business or establishment that employed persons within

15  the meaning of Industrial Welfare Commission Order No. 8, 8 Cal. Code of Regs. § 11080 and is

16  liable as an employer of Class pursuant to Labor Code §558.1 members.  During all relevant times

17  alleged herein, Mr. Rajkovich caused the violations at issue on behalf of the EMPLOYER

18  DEFENDANTS and is therefore liable pursuant to PAGA.

19  23.     At all times relevant, OEI HOLDINGS, LLC (hereinafter "OEI"), formerly known

20  as "Farmington Fresh Sales, LLC", AKA "Onions, INC"; a California limited liability corporation,

21  conducted and conducts business in San Joaquin County.  At all times relevant, OEI owned,

22  controlled, or operated a business or establishment that employed persons within the meaning of

23  Industrial Welfare Commission Order No. 8, 8 Cal. Code of Regs. § 11080 and operated as a direct

24  or joint employer of Class members in this case.  During all relevant times alleged herein, OEI

25  employed Plaintiffs and similarly situated persons as non-exempt employees and committed in

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

7

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

California and in this District the acts and/or caused the violations complained of herein.

24.     At all times relevant, FF Sub, LLC (hereinafter "FF Sub"), formerly known as "Farmington Fresh Cuts, LLC", a California limited liability corporation, conducted and conducts business in San Joaquin County.  At all times relevant, FF Sub owned, controlled, or operated a business or establishment that employed persons within the meaning of Industrial Welfare Commission Order No. 8, 8 Cal. Code of Regs. § 11080 and operated as a direct or joint employer of Class members in this case.  During all relevant times alleged herein, FF Sub employed Plaintiffs and similarly situated persons as non-exempt employees and committed in California and in this District the acts and/or caused the violations complained of herein.

25.     At all times relevant, Fresh Innovations California, LLC (hereinafter "Fresh Innovations"), formerly known as "Fresh Innovations, LLC", a California limited liability corporation, conducted and conducts business in San Joaquin County.  At all times relevant, Fresh Innovations owned, controlled, or operated a business or establishment that employed persons within the meaning of Industrial Welfare Commission Order No. 8, 8 Cal. Code of Regs. § 11080 and operated as a direct or joint employer of Class members in this case.  During all relevant times alleged herein, Fresh Innovations employed Plaintiffs and similarly situated persons as non-exempt employees and committed in California and in this District the acts and/or caused the violations complained of herein.

26.     At all times relevant, AC Fresh Buyer, LLC (hereinafter "AC Fresh"), a Delaware limited liability corporation with a business address in the State of Washington, conducted and conducts business in the County of San Joaquin in the State of California.  At all times relevant, AC Fresh owned, controlled, or operated a business or establishment that employed persons within the meaning of Industrial Welfare Commission Order No. 8, 8 Cal. Code of Regs. § 11080 and operated as a direct or joint employer of Class members in this case.  During all relevant times

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

8

CLASS ACTION AND PAGA COMPLAINT                    Case No.

alleged herein, AC Fresh employed Plaintiffs and similarly situated persons as non-exempt employees and committed in California and in this District the acts and/or caused the violations complained of herein.

27.   At all times relevant, Arable Capital Partners, LLC (hereinafter "Arable"), a Washington State limited liability corporation, conducted and conducts business in the County of San Joaquin in the State of California.  At all times relevant, Arable owned, controlled, or operated a business or establishment that employed persons within the meaning of Industrial Welfare Commission Order No. 8, 8 Cal. Code of Regs. § 11080 and operated as a direct or joint employer of Class members in this case.  During all relevant times alleged herein, Arable employed Plaintiffs and similarly situated persons as non-exempt employees and committed in California and in this District the acts and/or caused the violations complained of herein.  Arable is a successor employer.

28.   Defendants are joint employers of Plaintiffs and the class and/or are liable pursuant to California Labor Code §558.1.

29.   Plaintiff is informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants including Does, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  "Defendants" herein means each of the defendants as well as all of them.

IV.   **FACTUAL BACKGROUND**

30.   This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 to vindicate rights afforded the class by the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, the California Labor Code, and California Business and Professions Code § 17200 *et seq.*  This action is brought on behalf of Plaintiffs and

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

members of the Plaintiff Class comprising all non-exempt agricultural employees employed in the handling of fresh produce after harvest, or formerly employed, by each of the Defendants within the State of California.  The action seeks recovery for wages, compensation, and other relief due and owing to Plaintiffs and the Plaintiff Class members under federal and California laws for the maximum period allowed to the present (the "Class Period"), all as set out below.

31.    The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that has characterized the labor system in much of the agricultural packing industry, where unpaid and improperly paid labor, as alleged herein, are commonplace and regular practices. The Defendants herein engaged in the unlawful practices and policies alleged in this complaint, which are widespread and entrenched in the industry.  The practices of the industry are common or nearly uniform among many of the major companies which handle products after harvest, at least in part due to grower organizations that spread improper employment practices.  The following paragraphs detail specific violations of law comprising the wage-related claims applicable to employees that Plaintiffs seeks to represent on a class and PAGA basis.

32.    For at least four years prior to the filing of this action and through to the present, Defendants and their subsidiaries, parents, or affiliate companies have maintained and enforced unlawful labor policies against employees that revolve around Defendants' hourly system of compensation, their meal and rest break practices, their practices around indemnification of expenditure by employees, and their record-keeping procedures.

33.    Defendants fail to compensate for all "hours worked" (within the meaning of the Wage Order No. 8-2001) and fail to pay overtime premium wages for work performed. This includes, but is not limited to, regular hours worked that were not compensated at minimum or agreed upon rates, overtime hours worked that were either not compensated, or compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

10

CLASS ACTION AND PAGA COMPLAINT                    Case No.

the regular rate of pay for purposes of paying overtime, uncompensated or undercompensated time spent on statutory rest breaks, work meetings, and other activities. By their conduct, Defendants make clear that they are intentionally and maliciously subverting California's minimum and overtime wage requirements, resulting in Plaintiffs and the Class loss of property that occur as a result of Defendants' payroll policies.

34.     Under the meal period policies, Defendants fail to provide employees: (a) at least one (1) meal period prior to the fifth hour and/or two (2) meal periods for shifts greater than ten hours, (b) net thirty-minute meal periods, and/or (c) timely meal periods. Further, Defendants' policy is to not pay the premium wages owed to workers for missed, incomplete and/or untimely meal periods.

35.     Under the rest break policies, Defendants failed to provide employees: (a) at least two (2) rest breaks for shifts greater than six hours, and/or three (3) rest breaks for shifts greater than ten hours, (b) net ten-minute rest breaks, and (c) timely rest breaks. Further, Defendants' policy is to not pay the premium wages owed to workers for missed, incomplete, and/or untimely rest breaks. Finally, Defendants had a policy of discouraging and preventing employees from taking proper full rest breaks.

36.     Under the record-keeping policies, Defendants willfully provide inaccurate itemized wage statements that do not reflect all "hours worked" and wages earned. Defendants also fail to maintain accurate time-keeping records.

37.     Defendants failed to provide personal protective equipment necessary for employees to discharge their duties under the low temperatures characterized by the refrigerated warehouses in which the fresh produce is handled.  Hence, employees were obligated to purchase said necessary equipment, such as gloves, without receiving reimbursement from Defendants.

38.     Plaintiffs, on behalf of themselves and all other non-exempt employees employed

**MALLISON &**
**MARTINEZ**
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

11

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

by, or formerly employed by Defendants (hereinafter referred to as "Class Members"), bring this action pursuant to California Labor Code §§ 201, 202, 203, 204, 205.5, 210, 214, 216, 218, 218.5, 218.6, 221, 226, 226.3, 226.7, 256, 512, 558, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1199, 2802, and Business & Professions Code §§ 17200 *et seq.* (as well as the derivative penalty provisions pursuant to PAGA) seeking unpaid and underpaid wages, premium wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees and costs of suit, interest, waiting time penalties,  injunctive relief, declaratory relief, restitution, and disgorgement of all profits or benefits retained by Defendants as a result of their failure to comply with the above laws.  Plaintiff has followed the procedural requirements detailed in Labor Code § 2698 *et seq.* and, therefore, also seeks PAGA civil penalties (including unpaid wages) on behalf of themselves, the State of California, and all current and former employees).

39.      Plaintiffs, on behalf of themselves and all Class Members, pursuant to AWPA, 29 U.S.C. § 1801 *et seq.*, seek declaratory relief, statutory damages, actual damages, interest, and injunctive relief.

40.      Plaintiffs allege that the EMPLOYER DEFENDANTS (including some Does), and each of them, are employers with respect to any Plaintiffs or Class Members.  All Defendants are liable pursuant to Labor Code 558.1 and PAGA.

41.      On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, Plaintiff and the Class they seek to represent, and intentionally refused to rectify their unlawful policies.

42.      Defendants' failure to compensate non-exempt employees for all "hours worked," failure to authorize and permit requisite meal and rest periods and paid rest periods, failure to pay premium meal and rest period wages, failure to pay for all hours worked at the regular rate or required overtime premium rate, and failure to pay wages at termination, failure to reimburse

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

12
CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

employees for out-of-pocket expenses, in addition to the other violations alleged above, during all relevant times herein was intentional, willful, and deliberate.

43. Defendants have made it difficult to account with precision for the unlawfully withheld wages due to Defendants' non-exempt employees, including Plaintiffs, during all relevant times herein, because they have not implemented an adequate record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

44. Defendants have failed to comply with California Labor Code § 226(a) by failing to itemize in wage statements all wages earned and by failing to accurately report total hours worked by Plaintiffs and the members of the proposed class. Plaintiffs and Class Members are therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

## V. CLASS ACTION ALLEGATIONS

45. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek to represent the following "Classes," composed of, and defined, as follows:

> All persons who are or have been employed by DEFENDANTS or DOES in the State of California at any time within four (4) years of the filing of the Initial Complaint in this action.

46. Plaintiffs may amend the above class definitions as permitted or required by this Court. This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A. Numerosity

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

13

CLASS ACTION AND PAGA COMPLAINT          Case No.

47.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed over one-hounded employees in the State of California and who are, or have been, affected by Defendants' unlawful practices as alleged herein and may have several hundred over the class period.

48.    Upon information and belief, Plaintiffs allege that Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

## B.  Commonality

49.    There are questions of law and fact common to the Classes predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

     a.    Whether Defendants violated the California Labor Code and applicable wage orders by not properly compensating Class members, including Plaintiffs, for all hours worked;

     b.    Whether Defendants violated California Labor Code and applicable wage orders by (i) failing to provide Class members, including Plaintiffs, timely meal periods of at least thirty (30) minutes per five (5) hours worked, and a second meal period for shifts of greater than 10 hours and greater than 12 hours; (ii) failing to provide net thirty (30) minute meal periods because of managers and supervisors required employees to return to work before meal break; and (iii) failing to compensate employees an additional hour of pay in lieu of meal periods, in violation of California law and public policy;

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

14

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

c.  Whether Defendants violated California Labor Code and applicable wage orders by (i) failing to provide Class members, including Plaintiff, paid daily rest breaks at the rate of one rest period for shifts between 3.5 and 6 hours, two rest breaks for shifts greater than 6 hours up to 10 hours, three rest breaks for shifts greater than 10 hours up to 14 hours, and so on, and (ii) failing to compensate employees an additional hour of pay in lieu of rest breaks, in violation of California law and public policy, and (ii) discouraging and preventing employees from taking rest breaks by only permitting breaks by instruction of managers;

d.  Whether Defendants violated California Labor Code and applicable wage orders by failing to, among other violations, maintain accurate records of employees' earned wages and work periods, properly itemize in wage statements all hours worked and wages earned, and accurately maintain records pertaining to Plaintiff and the Class he seeks to represent;

e.  Whether Defendants violated California Labor Code and applicable wage orders by failing to reimburse all out-of-pocket expenses incurred by employees for necessary personal protective equipment to discharge their job responsibilities under extremely cold conditions;

f.  Whether Defendants violated California Labor Code and applicable wage orders by failing to pay all earned wages and/or premium wages due and owing at the time that Plaintiffs' or any Class member's employment with Defendants terminated;

g.  Whether Defendants violated § 17200 et seq. of the California Business and Professions Code by unlawfully deducting wages, or failing to pay wages to

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

non-exempt employees and converting same to Defendants' own use; unlawfully requiring non-exempt employees to work at wage rates below the minimum and premium overtime wage and converting same to Defendants' own use; failing to provide proper meal periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to Defendants' own use; failing to provide paid proper rest periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to Defendants' own use; failing to pay wages and compensation for denied rest periods due and owing at the time a Class Member's employment with Defendants terminated; Defendants' failure to reimburse or indemnify employees for all business expenses incurred, and failing to keep accurate records causing injury to employees;

h.   Whether Defendants violated AWPA as a result of the Labor Code and applicable wage order violations described above and in this Complaint;

i.   Whether Defendants violated § 17200 *et seq.* of the Business and Professions Code by violating the fundamental public policy underlying the California Labor Code and applicable wage orders;

j.   Whether Plaintiffs and the Class Members are entitled to declaratory, injunctive, and other equitable relief pursuant to Business and Professions Code § 17200, *et seq.*

k.   Whether Plaintiffs and the Class Members are entitled to damages, restitution, statutory penalties, declaratory, injunctive and declaratory relief, attorney's fees and costs, and other relief pursuant to the California Labor Code, the applicable

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

wage orders, and Business and Professions Code § 17200, *et seq.*

## C.  Typicality

50.     The claims of the named Plaintiffs are typical of the claims of the Classes.  Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of Federal and California laws, regulations, and statutes as alleged herein.

## D.  Adequacy of Representation

51.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Classes.  Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

## E.  Superiority of Class Action

52.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Classes.  Each member of the proposed Classes has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class Members for all wages earned and engaging in the unlawful practices herein complained of, and denying Class Members rest and meal periods without legal compensation.

53.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that individual class members have any interest in individually controlling separate actions in this case.  Class members' lack of knowledge of the legal system and limited economic resources would deprive most class members of the practical opportunity to pursue their claims were this class action not certified.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

17

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

54.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.  The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action.  Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## VI.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### VIOLATION OF AWPA
(29 USC § 1801 *ET SEQ.*)

(ALL PLAINTIFFS AGAINST DEFENDANTS OEI HOLDINGS, LLC AKA "FARMINGTON FRESH SALES, LLC", AKA "ONIONS, INC"; FF SUB, LLC AKA "FARMINGTON FRESH CUTS, LLC")

55.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

56.     EMPLOYER DEFENDANTS intentionally violated Plaintiffs' and the Class Members' rights under AWPA by:

   a.     providing false and misleading information regarding the terms and conditions of employment of Plaintiffs, in violation of 29 U.S.C. § 1831(e);

   b.     violating the terms of the working arrangement made with Plaintiffs in California, in violation of 29 U.S.C. § 1832(c); these working arrangements are contained in the IWC Wage Orders which are required to be and, actually are posted and communicated by Defendants to Plaintiffs as required by the IWC Wage Orders;

   c.     failing to pay wages when due for unpaid regular and overtime hours worked, for missed or non-compliant meal and rest periods in violation of 29

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

18

CLASS ACTION AND PAGA COMPLAINT                               *Case No.*

U.S.C. § 1832(a).

d.    failing to provide workers with accurate itemized written statements which include the correct number of hours worked; the correct total pay period earnings; and the correct net pay, in violation of 29 U.S.C. § 1831(c).

57.    Plaintiffs allege that EMPLOYER DEFENDANTS communicated the terms of employment with the Class by posting IWC Wage Orders on the job site which enumerated specific obligations of the employer with regard to working conditions required by state law, and in particular with regard to: the payment of minimum wages; payment of overtime premium wages; recording keeping requirements; provision of meal periods; provision of rest periods; and application of penalties.  The Defendants also communicated a regular and overtime wage rate to employees in a variety of ways.  This regular and overtime wage rate was not complied with due to the underpayments described in this complaint.  These terms constituted the communicated working arrangement with these employees, which was systemically violated.

58.    For each violation of AWPA, each Class Member is  entitled to recover his or her actual damages or up to $500 per violation in statutory damages.  29 U.S.C. § 1854.

59.    Wherefore, Plaintiffs and the Class request relief as described herein and below.

**SECOND CLAIM FOR RELIEF**

**FAILURE TO PAY MINIMUM WAGES**
**(CAL. LABOR CODE §§1194, 1194.2, 510, 1197, AND WAGE ORDER 8)**

(ALL PLAINTIFFS AGAINST EMPLOYER DEFENDANTS)

60.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

61.    California Labor Code §1197, entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION AND PAGA COMPLAINT         *Case No.*

62.     The EMPLOYER DEFENDANTS failed to pay minimum wages for "all hours worked." In particular, Plaintiffs and the Class were required to work "off the clock" by, for example, arriving at the premises at their required scheduled times of arrival and finding the gate closed and not having the access code to open the facility's gate, having to wait up to 30 minutes for someone to give access into the facility.  Same EMPLOYER DEFENDANTS are liable as a result of Labor Code section 558.1

63.     As a result of EMPLOYER DEFENDANTS' violations of the minimum wage, by failing to record and pay minimum wage for all hours worked, Defendants violated California Labor Code § 226(a), inaccurately stating gross wages earned, total hours work, deductions, net wages and other issues as described above.

64.     Defendants have the ability to pay minimum wages for all time worked but have willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness to Plaintiffs and the Class for all hours worked, and intending to annoy harass, oppress, hinder delay or defraud Plaintiffs and the Class, in violation of California Labor Code § 226.6.

65.     California Labor Code § 226.6 states:

> Any employer who knowingly and intentionally violates the provisions of Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.  That fine or imprisonment, or both, shall be in addition to any other penalty provided by law.

66.     Defendants' violation of § 226 also constitutes a misdemeanor, pursuant to §226.6, a predicate violation of California Business & Profession Code §§ 17200 *et seq.*, and a predicate violation of Labor Code §2699.

67.     The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a), which states:

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

20

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

As such, Plaintiffs and the Class may bring this action for minimum wages, interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a).

68.   As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission. California Labor Code § 1194.2 states:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

69.   As described herein, this is an action under California Labor Code § 1194 to recover wages on account of Defendants' failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and any applicable wage orders, including IWC Orders 8. Therefore, Plaintiffs and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

70.   Wherefore, Plaintiffs and the Class request relief as described herein and below.

### THIRD CLAIM FOR RELIEF

**FAILURE TO PAY OVERTIME WAGES**
**(CAL. LABOR CODE §§510, 1194, 1194.2, AND WAGE ORDERS 8)**

(ALL PLAINTIFFS AGAINST EMPLOYER DEFENDANTS)

71.   Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

72.   California Labor Code § 510 states:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

21

CLASS ACTION AND PAGA COMPLAINT                                    *Case No.*

the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

The identical provision is found in the applicable IWC Wage Orders 8, which are authorized under California Labor Code § 1185.

73.     California Labor Code § 500 defines, "workday" and "day" to mean any consecutive 24 hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

74.     As described herein, Defendants violated California Labor Code § 510 and IWC Wage Orders by failing to pay workers who were required to work more than 8 hours in one workday or 40 hours in one work week overtime wages. Defendants also violated the California Labor Code and IWC Wage Orders by compensating Plaintiff and the Class at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime to piece rate employees.  Same EMPLOYER DEFENDANTS are liable as a result of Labor Code section 558.1

75.     As described herein, this is an action under California Labor Code §1194 to recover wages on account of Defendants' failure to pay overtime wages as described in California Labor Code §§ 510, 1194(a), 1194.2 and any applicable wage orders, including IWC Order No. 8-2001. Therefore, Plaintiffs and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon, plus reasonable attorneys' fees and costs of suit.

76.     Wherefore, Plaintiffs and the Class request relief as described herein and below.

//

//

MALLISON & MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION AND PAGA COMPLAINT                                    Case No.

### FOURTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF
(CAL. LABOR CODE §§226.7, 512, AND WAGE ORDERS 8)

(ALL PLAINTIFFS AGAINST EMPLOYER DEFENDANTS)

77.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

78.     Plaintiffs allege that the Class Members were not provided timely, full statutory thirty (30) minute meal periods while in the employ of Defendants.

79.     California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

80.     The applicable IWC Wage Orders state in regard to meal breaks:

(A)   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B)   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

A similar provision is contained in Labor Code § 512.

81.     Employees are entitled to at least one meal period for shifts between 5 and 10 hours, and two meal periods for shifts greater than 10 hours. For normal shifts the first meal period must

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

23

CLASS ACTION AND PAGA COMPLAINT                    Case No.

occur before the fifth (5th) hour, and the second meal period before the tenth (10th) hour, unless other factors render such schedule impracticable.

82.     Defendants violated the applicable Wage Order and California Labor Code § 226.7 by failing to authorize and permit the appropriate number of meal periods, failing to schedule meal periods timely, failing to authorize and permit net thirty (30) minute meal periods, and failing to pay additional meal period wages. On information and belief, it was not impracticable for Defendants to schedule meal periods appropriately.  Same EMPLOYER DEFENDANTS are liable as a result of Labor Code section 558.1

83.     On information and belief, Plaintiffs and the Class Members seek to represent did not voluntarily or willfully waive meal periods.  Any express or implied waivers obtained from Plaintiffs and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or part of a contract of an unlawful adhesion.  On information and belief, during the meal and rest period liability period, Defendants did not permit or authorize Plaintiffs and Class Members to take meal periods, which forced Plaintiffs and Class Members to work up to 10 hours without access to food or seating.

84.     By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid meal period compensation due Plaintiffs and Class Members.

85.     As a result of the unlawful acts of Defendants' actions, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194.

86.     Wherefore, Plaintiffs and the Class request relief as described herein and below.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

24

CLASS ACTION AND PAGA COMPLAINT          *Case No.*

## FIFTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE PROPER TIMELY PAID REST PERIODS OR COMPENSATION IN LIEU THEREOF
(CAL. LABOR CODE §§226.7, 512, AND WAGE ORDERS 8)

(ALL PLAINTIFFS AGAINST EMPLOYER DEFENDANTS)

87.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

88.    Plaintiffs allege that the Class Members were not provided full statutory ten-minute rest periods while in the employ of Defendants.

89.    California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

90.    The applicable IWC Wage Orders state in regard to rest breaks:

(A)    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B)    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

A similar provision is contained in Labor Code § 512.

91.    Employees are entitled to at least one rest break for shifts from 3.5 to 6 hours, two rest breaks for shifts greater than 6 hours up to 10 hours, and three rest breaks for shifts greater

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

25

than 10 hours. For normal shifts the first rest break must occur before the meal break and the second rest break after the meal break, unless other factors render such schedule impracticable.

92.     Defendants violated the applicable Wage Order and California Labor Code § 226.7 by failing to authorize and permit the appropriate number of rest breaks, failing to provide net ten minute rest breaks, failing to schedule rest breaks timely, failing to authorize and permit paid rest breaks and failing to pay additional rest break wages, and discouraging and preventing employees from taking rest breaks. On information and belief, it was not impracticable for Defendants to schedule rest breaks appropriately.  Same EMPLOYER DEFENDANTS are liable as a result of Labor Code section 558.1

93.     On information and belief, Plaintiffs and the Class Members they seek to represent did not voluntarily or willfully waive rest periods.  Any express or implied waivers obtained from Plaintiffs and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or part of a contract of an unlawful adhesion.  On information and belief, during the meal and rest period liability period, Defendants did not permit or authorize Plaintiffs and Class Members to take proper timely paid rest periods.

94.     By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest period compensation due Plaintiffs and Class Members.

95.     As a result of the unlawful acts of Defendants' actions, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194.

96.     Wherefore, Plaintiffs and the Class request relief as described herein and below.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

26

CLASS ACTION AND PAGA COMPLAINT                    Case No.

# SIXTH CLAIM FOR RELIEF

## FAILURE TO REIMBURSE ALL BUSINESS EXPENSES;
### (CAL. LABOR CODE §2802)

**(ALL PLAINTIFFS AGAINST DEFENDANTS OEI HOLDINGS, LLC AKA "FARMINGTON FRESH SALES, LLC", AKA "ONIONS, INC"; FF SUB, LLC AKA "FARMINGTON FRESH CUTS, LLC")**

97.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated non-exempt workers employed by Defendants in California.

98.     California Labor Code § 2802 provides, in pertinent part:

> "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful. [. . .] For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

99.     While acting on the direct instruction of Defendants and discharging their work duties, Plaintiffs and Class Members have incurred work-related business expenses, including but not limited to the purchase of personal protective equipment to maintain bearable temperatures while working inside the refrigerated warehouse units where the sorting, packing, and handling of produce took place.  In addition, Plaintiffs and Class Members have incurred work-related business expenses for the costs of maintaining cell phones and cell phone service plans to contact Defendant to access the facility and for which Defendants have failed to reimburse Plaintiffs and Class Members.

100.     By requiring Plaintiffs and Class Members to incur business expenses in direct consequence of the discharge of their duties for Defendants and/or in obedience to Defendants' direction without fully reimbursing or indemnifying employees for these expenses, Defendants have violated Labor Code § 2802.

101.     As a direct and proximate result of Defendants' unlawful practices and policies, Plaintiffs and Class Members have suffered monetary losses, and are entitled to restitution of all expenses incurred in the performance of their work duties, interest thereon, reasonable attorneys'

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

1    fees and costs, and all applicable statutory penalties available for the Defendants' violations of

2    Labor Code § 2802.

3         102.   Defendants and its managers have willfully failed to reimburse Plaintiffs and Class

4    Members for all business expenses.  Plaintiffs and Class Members are entitled to reimbursement of

     such expenses pursuant to Section 2802, interest, attorneys fees, and costs.

5         103.   Plaintiffs, on behalf of themselves and the proposed Class, request reimbursement

6    and/or indemnification for their required business expenses as stated herein, and other relief as

7    described below.

8    **SEVENTH CLAIM FOR RELIEF**

9
10   **FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION**
     **(CAL. LABOR CODE §§201, 202, 203)**

11   (ALL PLAINTIFFS AGAINST DEFENDANTS OEI HOLDINGS, LLC AKA "FARMINGTON
12   FRESH SALES, LLC", AKA "ONIONS, INC"; FF SUB, LLC AKA "FARMINGTON
     FRESH CUTS, LLC")

13

14        104.   Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

15        105.   California Labor Code Section 201 states:

16        (a) If an employer discharges an employee, the wages earned and unpaid at
17        the time of discharge are due and payable immediately…

18        106.   California Labor Code Section 202(a) states:

19        If an employee not having a written contract for a definite period quits his or
20        her employment, his or her wages shall become due and payable not later than
          72 hours thereafter, unless the employee has given 72 hours previous notice
21        of his or her intention to quit, in which case the employee is entitled to his or
          her wages at the time of quitting. . . .

22        107.   As described above, EMPLOYER DEFENDANTS failed to timely pay Plaintiffs
23
24   and the Class Members all of their wages due for work performed and this failure continued

25   through the time in which Plaintiffs and Class Members quit or were discharged from their

26   employment with Defendants.  As a result, Defendants have violated California Labor Codes §§

27   201 and 202.

**MALLISON &**
**MARTINEZ**
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

28

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

108.   California Labor Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

109.   The statute of limitations for an action for the wages at issue is four years pursuant to California Business and Professions Code § 17200.  Defendants violated California Labor Code §§ 201 and 202 by failing to pay employees who quit or were discharged all of the wages due pursuant to the timelines provided in those sections.  Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.  As a result, Plaintiffs are entitled to thirty (30) days' wages including overtime.

110.   Plaintiffs and the Class they seek to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for unprovided rest periods and unprovided meal periods, and compensation for work done "off the clock" and/or at hourly rates below the minimum wage, and other owed wages but to date have not received such compensation therefore entitling them to Labor Code § 203 penalties.

111.   More than thirty (30) days have passed since affected Class Members have left Defendants' employ, and on information and belief, have not received payment pursuant to Labor Code § 203.  As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiffs and certain Class Members who are no longer employed by Defendants are entitled to thirty (30) days' wages as a penalty under Labor Code § 203 for failure to pay legal wages,

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION AND PAGA COMPLAINT                                    *Case No.*

together with interest thereon and attorneys' fees and costs.

112. Wherefore, Plaintiffs and the Class request relief as described herein and below.

## EIGHT CLAIM FOR RELIEF

### KNOWING AND INTENTIONAL FAILURE TO COMPLY
### WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS
### (CAL. LABOR CODE §§226(B), 1174, 1175)

(ALL PLAINTIFFS AGAINST DEFENDANTS OEI HOLDINGS, LLC AKA "FARMINGTON FRESH SALES, LLC", AKA "ONIONS, INC"; FF SUB, LLC AKA "FARMINGTON FRESH CUTS, LLC")

113. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

114. California Labor Code Section 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing

(1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis . . .(5) net wages earned, . . .

115. Defendants failed to provide "accurate itemized statements" to employees because the wage statements:

    a.    Falsely understated Plaintiffs' and the Class Members' gross and net wages earned by failing to pay for all hours worked and for premium wages;

    b.    Falsely understated the total hours worked by Plaintiffs and the Class Members by ignoring the total of hours actually worked;

    c.    Falsely understated Plaintiffs' and Class Members' "number of hours worked at each hourly rate";

    d.    Failed to provide accurate applicable piece rate information;

    e.    Failed to provide correct employer name and information.

116. California Labor Code §§ 226(e) and (g) provide for the remedy for the violations described above:

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION AND PAGA COMPLAINT      *Case No.*

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

117.     In addition, Section 1174(d) of the California Labor Code, and Section 7 of the applicable Wage Orders, require Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  Defendants have created a uniform practice of knowingly and intentionally failing to fully comply with Labor Code § 1174.  Defendants', and each of their, failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721.

118.     By failing to keep adequate time records required by sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and Class Members and are entitled up to $4,000.00 per Class Member.

119.     Wherefore, Plaintiffs and the Class request relief as described herein and below.

## NINETH CLAIM FOR RELIEF

### VIOLATION OF UNFAIR COMPETITION LAW
### (CAL. BUS. & PROF. CODE §§17200 *ET SEQ.*)

(ALL PLAINTIFFS AGAINST DEFENDANTS OEI HOLDINGS, LLC AKA "FARMINGTON FRESH SALES, LLC", AKA "ONIONS, INC"; FF SUB, LLC AKA "FARMINGTON FRESH CUTS, LLC")

120.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

31

121.    As described above, Defendants have violated the following California laws and all others referred to implicitly or expressly in this complaint:

a.  violation of California Labor Code § 201 (relating to the failure to pay wages upon discharge);

b.  violation of California Labor Code § 202 (relating to the failure to pay wages upon quitting);

c.  violation of California Labor Code § 203 (relating to the failure to pay wages upon termination of employment);

d.  violation of California Labor Code § 205.5 (relating to the failure to pay all wages owing twice during each calendar month);

e.  violation of California Labor Code § 206 (relating to the failure to pay uncontested wages);

f.  violation of California Labor Code § 226 (relating to providing correct wage statements and keeping correct records);

g.  violation of California Labor Code § 226.7 (relating to proper compliance with rest and meal period requirements and the failure to pay premium wages when the rest and meal break requirements are not met);

h.  violation of California Labor Code § 510 (relating to the failure to compensate at the regular rate "all hours worked," and at the rate of no less than one and one-half times the regular rate of pay for all work in excess of ten hours in one workday and any work in excess of 60 hours in any workweek);

i.  violation of California Labor Code § 1194 (relating to failure to pay minimum and/or overtime wages for all hours worked);

j.  violation of California Labor Code § 1194.2 (relating to liquidated damages for

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

32

CLASS ACTION AND PAGA COMPLAINT                    Case No.

failure to pay minimum wages for all hour worked);

    k.   violation of California Labor Code § 1197 (relating to failure to pay at least the minimum wage for all hours worked);

    l.   violation of California Labor Code § 2802 (relating to failure to reimburse and indemnify workers for out-of-pocket expenses); and

    m.   violation of the Agricultural Workers Protection Act, 29 U.S.C. 1801 *et seq.*

122.   Defendants' activities also constitute unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because Defendant's practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiffs, the public, and the Classes.

123.   Plaintiffs and Class Members are entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

124.   As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiffs, and the Classes they seek to represent.  Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs and the members of the Plaintiff Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.  Plaintiffs are informed and believe, and thereon allege, that Defendants are unjustly enriched through their requiring employees to suffer Defendants' failure to pay legal wages, and/or other compensation for untimely and/or incomplete meal periods, and compensation for unprovided, untimely, and/or unpaid rest periods to Plaintiffs and members of the Plaintiff Class.  Plaintiff is informed and believe, and thereon allege, that Plaintiffs and members of the Plaintiff Class are prejudiced by Defendants' unfair trade practices.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

33

CLASS ACTION AND PAGA COMPLAINT      *Case No.*

125.    As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiffs and Class Members as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

126.    The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future.  Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require Defendants' non-exempt employees to work "off the clock" without compensation, will continue to require non-exempt employees to work during meal periods, will continue to fail to provide proper paid rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

127.    Plaintiffs further request that the Court issue a preliminary and permanent injunction prohibiting Defendants from requiring Plaintiffs and the Classes they seek to represent to work "off the clock" without compensation, prohibiting other wrongful conduct which is the subject of this Complaint and which may later be discovered in the course of litigation, enjoining Defendants from forbidding employees to leave the workplace during meal periods, and from continuing to fail to provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

128.    Wherefore, Plaintiffs and the Class request relief as described herein and below.

## TENTH CLAIM FOR RELIEF

### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT

### (Cal. Labor Code §§2698 *ET SEQ.*)

### (AGAINST ALL PAGA DEFENDANTS)

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

34

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

129.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

130.    Plaintiffs brings this claim for themselves and other current and former employees, as expressly authorized by the California Private Attorneys General Act of 2004, Labor Code §§ 2699 *et seq.* ("PAGA").  PAGA is an enforcement action that empowers an aggrieved employee to seek penalties on behalf of himself, current and former employees and the State, without the need to certify a class. For purposes of this claim only, therefore, Plaintiff brings this claim for himself and other current and former employees and need not comply with Class Action Certification.

131.    Plaintiffs are aggrieved employees as defined in Labor Code §2699(a).  They bring this cause on behalf of themselves and other current or former aggrieved employees affected by the labor law violations alleged in this Complaint.

132.    The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been initiated by written notice by certified mail to all Defendants and to the Labor and Workforce Development Agency, detailing the Labor Code and IWC Wage Order violations averred herein. The waiting requirements will be completed prior to service of the complaint.

133.    Plaintiffs seek civil penalties as provided under applicable Labor Code sections for violations of the Labor Code alleged herein pursuant to Labor Code § 2699(a). To the extent that any violation alleged herein does not carry a penalty, Plaintiffs seek civil penalties pursuant to Labor Code § 2699(f) for Plaintiffs, other current or former employees and the State for each pay period in which he or she was aggrieved, in the amounts established by Labor Code § 2699.

134.    Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

CLASS ACTION AND PAGA COMPLAINT                    *Case No.*

135.     Plaintiffs seek civil penalties due from all Defendants on behalf of themselves, other aggrieved employees and the State, as provided by Labor Code § 2699(i), including but not limited to, penalties and unpaid wages due pursuant to Labor Code § 558 and § 1197.1 as a result of DEFENDANTS' violation of the provisions of the Labor Code and Wage Orders 8.

136.     Defendants are liable as employers or persons acting on behalf of the employer(s) pursuant to Labor Code § 558. Each Defendant, including PAGA DEFENDANTS, created, authorized, implemented and/or enforced the practices that violate the law and/or caused the violations complained of herein. Defendants are therefore liable for penalties and wages pursuant to Labor Code § 558.

137.     All Defendants are liable to Plaintiffs and  "other current or former employees and the state" for the civil penalties arising from the violations alleged in this Complaint.  Plaintiffs are also entitled to an award of attorneys' fees and costs as set forth below.

138.     Most of the predicate act violations which serve as the basis for this PAGA claim (minimum wage and overtime violations, rest and meal period violations, reporting time violations, and failure to compensate for all "hours worked") relate to the non-payment of wages or violations of the IWC Wage Orders that were posted at the worksite.  As such, these claims also constitute predicate violations of the payment of wages when due and "working arrangement" provisions of AWPA.

139.     Plaintiffs are aggrieved by Defendants labor and payroll practices that:

   a.   fail to compensate for all "hours worked";

   b.   fail to compensate minimum and premium wages;

   c.   fail to provide timely and/or complete meal breaks, or premium wages in lieu thereof;

   d.   fail to provide timely and/or complete rest breaks, and/or paid rest breaks, or

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

36

CLASS ACTION AND PAGA COMPLAINT                                    Case No.

1    premium wages in lieu thereof;

2    e.   fail to provide accurate wage statements or to maintain accurate time and payroll

3         records;

4    f.   fail to pay all wages due at termination or promptly following resignation;

5

6    140.   Plaintiffs, on behalf of themselves and similarly situated employees and former

7    employees of Defendants, request relief as described below.

8    141.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as

9    described herein and below.

10   **VII.   PRAYER**

11   WHEREFORE, Plaintiffs and the Class pray for judgment as follows:

12   A.   That the Court determine that this action may be maintained as a class action or

13        actions;

14   B.   For compensatory damages including wages and overtime wages in an amount

15        according to proof with interest thereon;

16

17   C.   For a declaratory judgment that each of the Defendants violated the Plaintiffs' and

18        Class Members' rights under AWPA, 29 U.S.C. § 1801 et seq., the California Labor

19        Code, and applicable IWC Wage Orders as set forth in the preceding paragraphs;

20

21   D.   Award each Plaintiff and proposed Class Member statutory damages or, in the

22        alternative, actual damages for Defendants' violations of AWPA;

23   E.   That Defendants be found to have engaged in unfair competition in violation of

24        California Business and Professions Code § 17200 et seq.;

25   F.   That Defendants be ordered and enjoined to make restitution to the Class due to

26        their unfair competition, including disgorgement of their wrongfully-obtained

27        revenues, earnings, profits, compensation, and benefits, pursuant to California

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

28

37

CLASS ACTION AND PAGA COMPLAINT                          Case No.

1    Business and Professions Code §§ 17203 and 17204;

2  G.    That Defendants be enjoined from continuing the unlawful or unfair competition in

3    violation of § 17200 as alleged herein;

4  H.    For declaratory relief for Defendants' violation of the California Labor Code,

5    California Business and Professions Code, and the Federal AWPA;

6

7  I.    That Defendants be enjoined from further acts of restraint of trade or unfair

8    competition;

9  J.    For premium wages pursuant to Labor Code §§ 226, 226.7 and 510;

10  K.    For unpaid wages pursuant to California Labor Code § 1194 and liquidated damages

11    pursuant to Labor Code §1194.2;

12

13  L.    For an order imposing all statutory and/or civil penalties provided by law, including

14    but not limited to, penalties under Labor Code §§ 203, 210, 225.5, 226, 226.3,

15    226.7, 256, 512, 558, 1174.5, 1194, 1194.2, 1197.1, 2802, 2699(a) and 2699(f)

16    relating to all facts alleged in the complaint;

17  M.    An award to Plaintiffs and the Class Members of reasonable attorneys' fees, costs,

18    and interest thereon pursuant to Code of Civil Procedure § 1021.5, Labor Code

19    §§218.5, 218.6, 226, 1194, 2699(g), and/or other applicable law;

20

21  N.    For the greater of actual or statutory damages of $500 for each Plaintiff pursuant to

22    AWPA;

23  O.    For penalties and all available relief available under the PAGA statute, Cal. Labor

24    Code §§ 2698 et seq.;

25

26  P.    For costs of suit and attorneys fees pursuant to PAGA;

27  Q.    For penalties and all available relief under Labor Code §558;

28  R.    For such other and further relief as the Court deems just and proper.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

38

CLASS ACTION AND PAGA COMPLAINT                    Case No.

1    S.    Injunctive relief;

2  **VIII.  <u>DEMAND FOR JURY TRIAL</u>**

3        Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

4
5  Respectfully submitted,

6
7  Dated:  JUNE 28, 2019            **MALLISON & MARTINEZ**

8
9
10                     By:_____

11                         Stan S. Mallison
                           Hector R. Martinez
12                         Staci Schoff
                           Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

39

CLASS ACTION AND PAGA COMPLAINT            *Case No.*