UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Angela Alcazar, et al., | No. 2:19-cv-01209-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| OEI Holdings, LLC, et al., | |
| Defendants. | |

Plaintiffs move this court to preliminarily approve their proposed settlement of this class action. The motion is unopposed. As explained below, the court **denies** the motion without prejudice.

I.   BACKGROUND

A. Plaintiffs' Claims

Plaintiffs brought this wage-and-hour lawsuit on behalf of defendants' non-exempt employees, alleging defendants violated the Fair Labor Standards Act (FLSA), the Private Attorney General Act (PAGA), and other California labor laws. Second Am. Compl. (SAC) ¶¶ 6–7, 42, 44, ECF No. 36. Plaintiffs allege defendants did not pay overtime wages, minimum wages or for meal breaks, among other things. *Id*. ¶¶ 5, 28, 148. The named plaintiffs in this case—Angela Alcazar, Rosa Cazarez, America Duarte, Maria Teresa Valdovinos, Maria Juana

1  Zaragoza, and Lilian Anguiano—are non-exempt employees of defendants who handled, sorted,
2  and packed produce. *Id*. ¶¶ 14–19.
3        This lawsuit is styled as a putative Rule 23 class action, FLSA collective action, and
4  PAGA action. *Id*. ¶ 27. The complaint defines the Rule 23 class as "[a]ll non-exempt persons
5  who are or have been employed by DEFENDANT EMPLOYERS in the State of California at any
6  time within four (4) years of the filing of the Initial Complaint in this action." *Id*. ¶ 42. The
7  FLSA collective is defined as "[a]ll non-exempt persons who are or have been employed by
8  DEFENDANT EMPLOYERS in the State of California within three (3) years of the filing of this
9  Complaint through the date of final disposition of this action." *Id*. ¶ 44. Since plaintiffs' initial
10 filing of this lawsuit, six employees have opted in to the FLSA collective. *See* ECF Nos. 7–8 &
11 41.
12       The parties reached a settlement in June 2021. Revised Mallison Decl. ¶ 19, ECF No. 52-
13 1.
14     **B. Terms of the Settlement Agreement**
15       For settlement purposes, class members number approximately 539 agricultural packing
16 workers who were employed by defendants between June 28, 2015 and June 1, 2018. Revised
17 Mem. P. & A. at 1, ECF No. 52. The settlement does not define the members of the proposed
18 FLSA Collective. *See generally id*. Ex. 1 (Settlement Agreement), ECF No. 52-2.
19       Plaintiffs estimate the total value of their claims to be $815,477. Revised Mallison Decl.
20 ¶ 32. The parties' settlement agreement provides a Gross Settlement Amount (GSA) of
21 $397,500—roughly 49 percent of plaintiffs' estimated value—with an escalator provision
22 providing that the GSA may be increased based on the total number of workweeks. Settlement
23 Agreement ¶ I.Q. Out of the GSA, the parties agree $132,500, or one-third, will cover attorneys'
24 fees, $20,000 will cover litigation costs, and $7,500 will be paid to each of the six named
25 plaintiffs as service awards. Settlement Agreement ¶ III.B. The parties further allocate $9,000 to

1  administer the settlement, Revised Mallison Decl. ¶ 22, and $50,000 toward the PAGA action.[1]

2  Settlement Agreement ¶ III.B.  They do not allocate any payments toward an FLSA collective

3  action.  *See generally id*.

4        Overall, the settlement provides a net settlement amount of approximately $153,500.

5  Revised Mem. P. & A. at 5–6.  The net settlement amount will be distributed to class members on

6  a pro rata basis based on the number of workweeks worked by each class member.  Settlement

7  Agreement ¶ III.D.1.  The average distribution to class members will be approximately $285.

8  Revised Mem. P. & A. at 6.  Any unclaimed funds will be paid *cy pres* to Legal Aid at Work.

9  Revised Mallison Decl. ¶ 24.

10        If the settlement is approved, class members will release all their FLSA and state labor

11  law claims.  *Id*. ¶ 27.  Members of the putative class may opt out or object.  Mem. P. & A. Ex. 2

12  (Not. Settlement) ¶ V, ECF No. 52-3.  Membership in the PAGA subclass is automatic under

13  California law.  *See Sakkab v. Luxottica Retail N. Am., Inc*., 803 F.3d 425, 436 (9th Cir. 2015).

14  The parties' proposed notice of settlement, however, does not inform the recipient about an FLSA

15  collective action or explain how the recipient may opt in to such a collective.  *See generally* Not.

16  Settlement.

17        Plaintiff moves the court to preliminarily approve the settlement.  Mot., ECF No. 51.  As

18  noted above, the motion is unopposed.  The court submitted the matter without a hearing.  Min.

19  Order, ECF No. 53.

20        **II.**    **LEGAL STANDARD**

21        "Courts have long recognized that 'settlement class actions present unique due process

22  concerns for absent class members.'"  *In re Bluetooth Headset Prods. Liab. Litig*., 654 F.3d 935,

23  946 (9th Cir. 2011) (quoting *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998),

24  *overruled in part on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)).  In

25  settlement classes, the class's motivations may not perfectly square with those of its attorneys.

---

[1] The settlement provides that 75 percent, or $37,500, of the PAGA fund will be paid to the Labor and Workforce Development Agency (LWDA), as required by the California Labor Code.  Revised Mallison Decl. ¶ 22; Cal. Lab. Code § 2699(i).

*See id.* An attorney representing a settlement class may be tempted to accept an inferior settlement in return for a higher fee. *Knisley v. Network Associates, Inc.*, 312 F.3d 1123, 1125 (9th Cir. 2002). Likewise, defense counsel may be happy to pay an adversary a bit more if the overall deal is better for its client. *See id.* In addition, if the settlement agreement is negotiated before the class is certified, as it was in this case, the potential for an attorney's breach of fiduciary duty looms larger still because the settlement is not negotiated by a court-designated class representative and counsel. *Hanlon*, 150 F.3d at 1026.

As the Ninth Circuit has recognized, when it comes to reviewing proposed class settlements, the "governing principles may be clear, but their application is painstakingly fact-specific," and the court normally sees only the final result of the parties' bargaining. *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). "Judicial review also takes place in the shadow of the reality that rejection of a settlement creates not only delay but also a state of uncertainty on all sides, with whatever gains were potentially achieved for the putative class put at risk." *Id.* Federal courts have long recognized a "strong" policy in favor of settling class actions." *Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 972 (E.D. Cal. 2012) (citing *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

Plaintiffs do request preliminary certification of their class under Rule 23 now, and seek preliminary approval of a class settlement which would resolve the class members' FLSA claims. Different legal standards apply to Rule 23 and FLSA collective actions.

Under Rule 23, before notice of a proposed settlement can be sent to a class, the court must determine that it "will likely be able to" both (1) "certify the class for purposes of the judgment on proposal" and (2) "approve the proposal under Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(1)(B). The first requirement, likelihood of class certification, requires the plaintiffs to satisfy the four prerequisites of Rule 23(a) and show their claim fits within one of the three categories of Rule 23(b). *See Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624, 630 (9th Cir. 2020). The second requirement, likely approval under Rule 23(e)(2), focuses on the fairness of the settlement for absent class members. The court evaluates preliminarily whether the proposed settlement "is fair, reasonable, and adequate," considering several factors listed in the Rule, such

as whether the parties negotiated at arm's length and the terms of any agreement on fee awards. *See* Fed. R. Civ. P. 23(e)(2)(A)–(D).  Over the years, the Ninth Circuit has also listed several "guideposts," "warning signs," and "red flags" for district courts to consider, such as the strength of the plaintiffs' case and the amount of fees in proportion to the compensation to class members. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 895 F.3d 597, 610–11 & nn.18–19 (9th Cir. 2018).

The requirements for certification of FLSA collective actions, by contrast, have developed through decisional law.  The members of the collective action must be "similarly situated" to the original plaintiffs. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109 (9th Cir. 2018) (citing 29 U.S.C. § 216(b)). "Party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id*. at 1117.

If FLSA claims are settled, the settlement must be approved by either the Secretary of Labor or a federal district court. *Seminiano v. Xyris Enter., Inc*., 602 F. App'x 682, 683 (9th Cir. 2015) (unpublished) (citing *Nall v. Mal–Motels, Inc*., 723 F.3d 1304, 1306 (11th Cir. 2013)).  In the absence of Supreme Court or Ninth Circuit guidance, district courts often assess whether the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). *Dahl v. Bay Power Inc*., 2021 WL 2313388, at * 1 (N.D. Cal. May 28, 2021).  A dispute is "bona fide" if there are "legitimate questions" about the defendant's FLSA liability. *Selk v. Pioneers Mem'l Healthcare Dist*., 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016).  Additionally, courts often consider many of the same factors that guide preliminary certification of Rule 23 class actions. *See Maciel v. Bar 20 Dairy, LLC*, 2018 WL 5291969, at *4 (E.D. Cal. Oct. 23, 2018).

The notice requirements of Rule 23 and the FLSA also differ.  For classes likely to be certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  The notice may be made by mail, electronic means, "or other appropriate means." *Id*.  Rule 23 also imposes specific

1  requirements on the contents of the notice. *See* Fed. R. Civ. P. 23(b)(2)(B)(i)–(vii).  The FLSA is less specific.  It provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).  Courts have understood this language as requiring written consent filed with the court, without articulating this understanding in formal holdings. *See, e.g., Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) ("[E]mployees ...become parties to a collective action only by filing written consent with the court." (citation omitted)).

### III. DISCUSSION

While some factors mentioned above support preliminary approval of the settlement here, there are obvious deficiencies that prevent approval at this time.  Specifically, the court identifies three problems with the settlement's release of FLSA claims.

### A. Value of FLSA Claims

Plaintiffs neither specify what FLSA claims are subject to the release nor discuss the value of these claims. *See generally* Revised Mem. P. & A.; Revised Mallison Decl.  With none of the settlement payments allocated toward the FLSA collective action, the only reasonable inference the court can draw is that the settlement assigns the FLSA claims no value.  A settlement calling "for a release of the FLSA claim in exchange for no consideration does not appear to be a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Maciel*, 2018 WL 5291969, at *6 (internal quotation marks omitted) (citing 29 U.S.C. § 216(b)).  Notably, "courts that have approved settlements releasing both FLSA and Rule 23 claims generally do so only when the parties expressly allocate settlement payments to FLSA claims." *Thompson v. Costco Wholesale Corp.*, 2017 WL 697895, at *8 (S.D. Cal. Feb. 22, 2017) (collecting authorities).  Other district courts in the Ninth Circuit have concluded that between 70 percent and 100 percent of a plaintiffs' FLSA damages constitutes a reasonable settlement. *See, e.g.*, *Slavkov v. Fast Water Heater Partners I, LP*, 2017 WL 3834873, at *1 (N.D. Cal. Jul. 25, 2017) (collecting cases).  The parties must address the absence of a proposed FLSA settlement before the court can consider whether to preliminarily approve the settlement agreement.

**B. FLSA Collective Certification**

Even if the settlement provided adequate value for released FLSA claims, plaintiffs have not explained this court's authority to approve a settlement that releases FLSA claims without first certifying a collective action. Rule 23 class actions are "fundamentally different from collective actions under the FLSA." *Thompson*, 2017 WL 697895, at *3. Some courts have therefore rejected settlements that attempt to skip collective action certification. *See, e.g., id.* at *7 (finding the lack of collective certification problematic where the settlement specifies that class members will release their FLSA claims). This court agrees that collective certification is a required first step.

**C. Notice Plan for FLSA Claims**

Courts also require a separate opt-in procedure for FLSA claims when the settlement includes both Rule 23 and FLSA claims. *See Hudson v. Libre Tech. Inc*., 2019 WL 5963648, at *9 (S.D. Cal. Nov. 13, 2019) (collecting authorities). Under the FLSA, moreover, "the court [must] provide potential plaintiffs 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether or not to participate.'" *Adams v. Inter–Con Sec. Sys*., 242 F.R.D. 530, 539 (N.D. Cal. 2007) (quoting *Hoffmann–La Roche v. Sperling*, 493 U.S. 165, 170 (1989)). "[C]ourts considering approval of settlements in these hybrid [Rule 23 and FLSA] actions consistently require class notice forms to explain: '(1) the hybrid nature of th[e] action; [ ] (2) the claims involved in th[e] action; (3) the options that are available to [ ] Class members in connection with the settlement, including how to participate or not participate in the Rule 23 class action and the FLSA collection action aspects of the settlement; and (4) the consequences of opting-in to the FLSA collective action, opting-out of the Rule 23 class action, or doing nothing.'" *Thompson*, 2017 WL 697895, at *8 (quoting *Pierce v. Rosetta Stone, Ltd*., 2013 WL 1878918, at *4 (N.D. Cal. May 3, 2013)).

Here, even if an FLSA collective action could be certified, the proposed notice of settlement does not explain the hybrid nature of the settlement, how the recipient can participate or not participate in the FLSA collective action, or the consequences of opting-in to the FLSA

7

collective action. *See generally* Not. Settlement. The proposed notice is thus defective and must be cured before the court can properly evaluate it.

### IV.  CONCLUSION

For the reasons explained above, the court **denies** plaintiffs' motion without prejudice to a renewed motion addressing the court's concerns.

IT IS SO ORDERED.  DATED: August 14, 2022.

                                                              _____
                                                              CHIEF UNITED STATES DISTRICT JUDGE